URSIN RABY et al. *v.* JACOB BATISTE et ux.

Where A. claimed to be the heir and son of A. K., but it was shown that A. was a mulatto, his father being a negro, and his mother having married A. K. after his birth, and that he (A.) having married a slave, not claiming or exercising the right of voting at elections, to act as a juror in court, or testify against a white man in court:—*Held*, that A. being a mulatto, A. K.'s subsequent marriage of his mother and recognition of him as his son, cannot make A. the legal heir of A. K.

The circumstances under which the deed was obtained from A. by the appellants, would cast strong suspicion on it as fraudulent, even if A. had been the heir of A. K., and had lawful authority to make the conveyance.

IN error from the southern district chancery court at Mississippi City; Hon. James M. Smiley, vice-chancellor.

The facts of this case, so far as they can be gathered from the record, where they are very voluminous, are stated in the opinion of the court.

*John Henderson,* for appellants,

Filed an elaborate written argument in the case.

*D. Smith* for appellees.

Mr. Justice HANDY delivered the opinion of the court.

This bill was filed in the district chancery court at Mississippi City, by the appellants, to have partition of certain lands. The bill alleges that the lands were confirmed by act of con-

gress in 1830, to Francisco Krebs in part, and to Antoine Krebs in part, and that Francisco at his death devised his portion to Antoine Krebs, who afterwards died leaving a son Augustine, and a daughter Eugenie, who intermarried with the defendant Batiste; that in 1839, Augustine conveyed to the complainant Raby and one Frederick, who is since deceased, all his right, title, and interest in these lands, for the consideration of one thousand dollars paid in cash, and eight hundred dollars to be paid; that Batiste after his marriage, representing his wife to be the sole heir to the lands, had resurveys made of the lands, and patents issued according to these relocations in the names of the original parties to whom the lands were confirmed, and has possession of all the lands except some parcels which he has sold. The object of the bill is a discovery as to the relocations and an equitable partition between the complainants and the defendants.

The defendants deny that Augustin was the son of Antoine Krebs, and entitled to any part of the lands, and charge that the deed from Augustin to the complainants was obtained by fraud, and that no consideration was paid for it.

On the final hearing, the vice-chancellor dismissed the bill, and the complainants have appealed.

First, as to the heirship of Augustine. It is contended by the appellees that he was not the son of Antoine Krebs, but was a mulatto, and that his father was a negro, his mother after his birth having married Antoine Krebs, and the wife of the defendant Batiste being the sole issue of that marriage. A great mass of testimony upon this point is set forth in the record, and there is much conflict in the statements of the witnesses in many respects. It is clearly proved that he married a slave, that he did not claim or exercise the right to vote at elections, to act as a juror in court, or to testify against white men in court; and though several witnesses testify that he was considered to be a white man, yet from all the evidence we are satisfied he was a mulatto, and being such, the subsequent recognition of him by Antoine as his son, and the marriage of Antoine with his mother, could not render him his legal heir.

Second, as to the consideration for the deed under which

complainants claim. It is shown that nothing was paid as purchase-money, and the parties admitted that nothing was to be paid until possession was delivered, which has never been done. The circumstances under which the deed was obtained, as proved by the witnesses, render the transaction suspicious, and go to show that a fraud was practised in procuring the deed, and this is a sufficient answer to the equitable claim of the complainants, even if Augustine were shown to be the lawful heir of Antoine Krebs and the brother of the wife of the defendant Batiste. For if she were his sister, it would certainly be competent for her to show, as his heir, that the deed was obtained from him without consideration and through fraud.

The decree affirmed, with costs.